## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM NORMAN BROOKS, III,

      *Plaintiff,*

    v.

TRANS UNION, LLC,

      *Defendant.*

Civil Matter No. 2:22-cv-00048-GEKP

### [PROPOSED] STIPULATION AND ORDER RELATING TO THE
### PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, plaintiff William Norman Brooks, III, ("Brooks") and defendant Trans Union LLC ("Trans Union") are parties (collectively, the "Parties," or, individually, a "Party") in the above-captioned case (the "Litigation");

WHEREAS one or more of the Parties has requested the production of documents or information that at least one Party considers to be or to contain confidential information, and that are subject to protection under <u>Federal Rule of Civil Procedure 26(c)</u>. The Parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony;

WHEREAS this is a putative consumer class action lawsuit involving allegations regarding Trans Union's obligations under the federal Fair Credit Reporting Act (the "FCRA") as it relates to certain alleged policies of Trans Union with respect to the reporting of certain bankruptcy information. The Parties expect to exchange documents and information relating to confidential, personal, business, proprietary, or financial information ("Confidential Information").

WHEREAS, Trans Union anticipates that such Confidential Information includes, but is not limited to, information relating to Trans Union's proprietary policies and procedures in connection with the reporting of bankruptcy information and bankruptcy notations on tradelines, as well as details about how certain information regulated and protected by the FCRA is maintained by Trans Union. Trans Union anticipates such Confidential Information will further encompass certain of Trans Union's proprietary policies and procedures regarding its response to consumer disputes of information included in consumer files, including those ensuring that information is not reinserted into a consumer's file disclosure or credit report. Trans Union is concerned that the public disclosure of its confidential and proprietary policies and procedures could be used by individuals to circumvent the accurate reporting of consumer's bankruptcy information. Moreover, this case is likely to implicate certain of Trans Union's internal information about data storage and databases which, if publicly disclosed, would, in Trans Union's view, threaten Trans Union's data security measures. It is Trans Union's position that even the disclosure of minor aspects of Trans Union's information technology practices could be manipulated by hackers and result in potential data security breaches, and the loss of competitive advantage. Similarly, Trans Union believes that disclosure of its confidential, internal policies and procedures for interactions with consumers, including the provision of confidential credit and other financial information, would allow unscrupulous individuals to circumvent such policies and procedures, and give a competitive advantage to competitors of Trans Union. It is Trans Union's

position that disclosure of the Confidential Information, described and referred to in this Paragraph, would cause a "clearly defined and serious injury" if permitted to be disclosed to the public, because it could cause real harm and impact Trans Union's policies and procedures and business practices. *See Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

NOW, THEREFORE the Parties, by and through their undersigned counsel, hereby agree to the following terms, and respectfully request that the Court so enter this Stipulation as a confidentiality order (the "Protective Order" or "Order") governing the Litigation:

1.      A Party may designate Documents[1] or other materials (including digital information) subject to disclosure pursuant to a discovery request or otherwise to be provided in the Litigation, including deposition testimony ("Responsive Materials"), that contain Confidential Information as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**." (Unless otherwise noted, references to "**CONFIDENTIAL**" in this Order also include materials designated as "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**.") Responsive Materials designated as "**CONFIDENTIAL**" shall be subject to the provisions of this Protective Order and no Party, entity, or other person subject to this Protective Order shall disclose, distribute, transmit, or otherwise divulge Responsive Materials designated as

---

[1] "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & (B), as well as discovery responses, and deposition testimony and transcriptions. The term Document shall also include all "copies" of Documents which includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.

"**CONFIDENTIAL**" or the contents thereof, except in accordance with this Protective Order.

2.      The parties may use Responsive Materials designated as "**CONFIDENTIAL**" only for the purposes of this Litigation and shall disclose Responsive Materials designated as "**CONFIDENTIAL**" only in accordance with the terms of this Confidentiality Order.

3.      The Parties shall designate Documents as "**CONFIDENTIAL**" by marking each such Document as "**CONFIDENTIAL**." If it is impracticable to mark Documents in such a fashion, a Party may designate the Documents as "**CONFIDENTIAL**" in writing in any manner reasonably sufficient to give notice of its protected nature to all other Parties.

4.      A Party shall not routinely designate Responsive Materials as "**CONFIDENTIAL,**" or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

5.      If a Party disputes whether Responsive Materials should be marked "**CONFIDENTIAL,**" the Parties shall attempt to resolve the dispute between themselves. If they are unsuccessful, the Party challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

6.      To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate Documents, Responsive Materials, or portions thereof, previously designated as "**CONFIDENTIAL**" pursuant to this Protective Order (a "Filing"), such Filing shall be filed with the

clerk under seal; provided, however, that a copy of such Filing having the confidential information redacted therefrom may be made part of the public record.

    (a)    Filings by a non-designating Party:

        (i)    A Party intending to file Documents, Responsive Materials, or portions thereof, previously designated as "**CONFIDENTIAL**" by another Party shall provide notice of the intended Filing to the designating Party at least twenty (20) days in advance (or five (5) business days in advance in the event of a Response or Reply), and identify the Documents, Responsive Materials, or portions thereof, previously designated as "**CONFIDENTIAL**" that will be included in the Filing.

        (ii)    After receiving such notice, the designating Party shall prepare, and file, a narrowly fashioned stipulated proposed seal order to file the Documents, Responsive Materials, or portions thereof, previously designated as "**CONFIDENTIAL**" under seal. That proposed seal order shall comply with Paragraph IV.C of Judge Gene E.K. Pratter's General Pretrial and Trial Procedures, including that it shall contain "a detailed statement demonstrating that good cause exists for the order." The non-designating filing Party shall cooperate with the designating Party as to the filing of the stipulated proposed seal order.

(b)     Filings by the designating Party: A Party intending to file Documents, Responsive Materials, or portions thereof, previously designated by it as "**CONFIDENTIAL**" shall be responsible for preparing, and filing, the narrowly fashioned proposed seal order to file the Documents, Responsive Materials, or portions thereof, previously designated as "**CONFIDENTIAL**" under seal. The non-designating Party will not oppose a motion to file materials identified in such proposed seal order, provided that there is not pending challenge to the designation of the materials.

(c)     Any Party filing any Filing under seal must comply with the requirements of Civil Local Rule 5.1.2(7), 5.1.5 and 7.1.

7.      Responsive Materials produced by a non-party that contains Confidential Information may be designated as "**CONFIDENTIAL**" by the producing non-party by following the procedures described in Paragraph 3. Any Party can designate any Responsive Material produced by another Party or a non-party that contains Confidential Information as "**CONFIDENTIAL**" by following the procedures described in Paragraph 3. All Responsive Materials produced by a non-party shall be treated as "**CONFIDENTIAL**" for fourteen (14) days after production to allow time for such designation by the Parties.

8.      The failure to designate any Responsive Materials as "**CONFIDENTIAL**" shall not constitute a waiver of a Party's assertion that the Responsive Materials are "**CONFIDENTIAL**." Accordingly, any Party may later

make a designation of "**CONFIDENTIAL**" by sending notice to counsel of record for the other Parties, which includes new hard copies, images, or slip-sheets (as applicable) reflecting the appropriate designation. Upon receiving such notice, all Parties must make a reasonable effort to assure that the designated Responsive Materials are treated as "**CONFIDENTIAL**" in accordance with the provisions of this Protective Order.

9. A Party or non-party may designate a portion of a deposition transcript containing Confidential Information as "**CONFIDENTIAL**" by so stating on the record at the deposition, or by advising all counsel of record for the Parties in writing within thirty (30) calendar days of receipt by the designating Party or non-party of the official written deposition transcript or a copy thereof. (Receipt of a rough transcript shall not trigger the start of the 30-day period.) Until the expiration of this period of time, all deposition transcripts and information contained therein shall temporarily be deemed "**CONFIDENTIAL**."

10. Any Responsive Material marked or designated as "**CONFIDENTIAL**" shall not be disclosed in any manner to anyone other than the following:

(a) The named Parties and their employees, insurers, and company agents who have responsibility for assisting counsel with respect to this Litigation;

(b)     Counsel for the Parties, including paralegals, legal assistants, clerical and secretarial personnel, and vendors of the Parties' counsel assisting in the conduct of this Litigation;

(c)     Persons shown on the face of a Document to have authored or received it;

(d)     Expert witnesses or consultants retained in connection with this Litigation and for the sole purpose of preparing the expert witness or consultant to testify or to consult with a Party's attorneys;

(e)     Non-party witnesses at depositions, but only where the deponent either authored Responsive Materials or had access to the Responsive Materials outside of the Litigation;

(f)     Stenographic reporters employed by counsel who are engaged in such proceedings as are necessarily incident to the conduct of this Litigation;

(g)     The Court and its personnel; and

(h)     Such other persons as may be mutually agreed upon in writing by the Parties or their counsel prior to any disclosure.

11.     Any person identified in Paragraphs 10(c), (d), (e), (f), or (h) and where applicable, their counsel, shall be provided with a copy of this Protective Order and must execute a Declaration in the form of Appendix A hereto before receiving Responsive Materials marked or designated as "**CONFIDENTIAL**."

12.    If "**CONFIDENTIAL**" Responsive Materials contain extremely sensitive information such as competitively sensitive financial information, trade secrets, or any other information the disclosure of which to another Party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means, a Party or non-party may designate such materials as "**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**," and Responsive Materials so designated may only be discloses to persons identified in Paragraphs 10(b), (c), (d), (e), (f), (g), and (h).  Any person identified in Paragraphs 10(c), (d), (e), (f), and (h) shall be provided with a copy of this Protective Order and must execute a Declaration in the form of Appendix A hereto before receiving Responsive Materials marked or designated as "**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**."  Except as altered by the specific provisions of this Paragraph 12, all of the provisions of this Protective Order as to "**CONFIDENTIAL**" materials apply with equal force to "**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**" materials.

13.    Within sixty (60) days of the conclusion of the Litigation, including appeals, the Parties or their attorneys must gather the Responsive Materials marked or designated as "**CONFIDENTIAL**" and related notes and memoranda that have been disclosed to them (and others through them) pursuant to this Protective Order, and destroy or delete them and send to the designating Party a certificate of compliance with the terms of this Protective Order. Notwithstanding the above requirements to destroy or delete Responsive Materials marked or

- 9 -

designated as "**CONFIDENTIAL**," counsel may retain (1) attorney work product and (2) one complete set of all such Responsive Materials marked or designated as "**CONFIDENTIAL**" filed with the Court.

14.     If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Responsive Materials designated by another Party in this Litigation as "**CONFIDENTIAL**," the receiving Party must so notify the designating Party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving Party also must immediately inform in writing the person or entity who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving Party must deliver a copy of this Protective Order promptly to the person or entity in the other action that caused the subpoena to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the designating Party in this Litigation an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this Litigation to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession,

custody or control Responsive Materials marked or designated as

"**CONFIDENTIAL**" by the other Parties to the Litigation.

15.    All Responsive Materials marked or designated as "**CONFIDENTIAL**"

shall remain the sole and exclusive property of the Party who provided such

information, and nothing in this Order, or any course of conduct between the

Parties shall be deemed to grant to the Party in possession of the other Party's

Confidential Information any license or rights in or to said Confidential

Information, or any part thereof.  Unless otherwise expressly agreed in a separate

license agreement, a Party's disclosure of Confidential Information to the other

Party will not be deemed to constitute a grant, by implication or otherwise, of a

right or license to the Confidential Information. Nothing herein shall affect or

restrict the rights of any Party with respect to its own documents or to the

information obtained or developed independently of materials afforded confidential

treatment pursuant to this Order.

16.    Production of any material that discloses attorney-client privileged or

work product doctrine protected information, or information subject to some other

privilege protection ("**Privileged Material**") shall not constitute a waiver of such

privilege or protection. If the producing Party notifies the recipient in writing, the

recipient shall promptly return, sequester, or destroy the specified Privileged

Material and any copies it has; must not use or disclose the Privileged Material

until the claim is resolved; must take reasonable steps to retrieve the Privileged

Material if the Party disclosed it before being notified; and may promptly present

the Privileged Material to the Court under seal for a determination of the claim. If a Party discovers a document that appears on its face to be Privileged Material, that Party shall promptly notify the producing Party, so that the producing Party may determine whether to make a notification pursuant to this paragraph.

(a)   Counsel for the producing Party shall maintain unaltered copies of all Privileged Materials returned pursuant to this provision, and the return of such materials is without prejudice to any substantive right to challenge the privileged or protected status of the materials.

(b)   The Parties further agree that such material may not be used in this proceeding or in any other action or proceeding unless otherwise ordered by the Court.

(c)   The Party in receipt of produced Privileged Material may contest the privilege or work product designation by the producing party and, if contesting, shall give the producing Party written notice of the reason for the disagreement within ten (10) days of the notification contemplated in paragraph 16 above.  In that instance, the Party in receipt of produced Privileged Material shall, within ten (10) business days from the notification contemplated in paragraph 16 above, move the Court (or an appointed discovery master) first for leave to file that material under seal with the Court as contemplated in paragraph 6, including subparts (a) –(b), of this Order, and second, within five (5) business days of the Court's order regarding the proposed sealing of

documents, move to compel disclosure of the Privileged Material . The receiving Party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege. Pending resolution of the motion to seal and motion to compel disclosure, the receiving Party shall not use the challenged information in any way or disclose it to any Party or non-party, other than those required by law to be served with a copy of the motion to seal and/or motion to compel disclosure. The Party asserting the privilege or protection retains the burden of establishing the privileged or protected nature of the Privileged Material.

17.     The Parties are not required to include or identify on any privilege log Privileged Materials created after the filing of this Litigation.

18.     Nothing in this Order shall prevent the Parties from entering into other confidentiality agreements or obtaining other protective orders by stipulation or otherwise.

19.     The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial; provided, however, that prior to trial the Parties shall work together in good faith to propose a stipulated protective order for the Court's approval that shall govern the use of Confidential Information at trial. If the Parties are unable to agree on any such protective order, either Party may move the Court for a protective order pursuant to the deadlines set forth in the Court's pretrial order.

20.     This Protective Order in no way affects the Parties' ability to raise objections that they might otherwise have under the rules of discovery or evidence.

21.     Any Party may seek relief from the Court in the Litigation for any alleged violation of this Protective Order.

22.     The entry of this Protective Order is without prejudice to any Party's right to move at a later time for another protective order for any purpose.

23.     This Order may be executed in counterparts, each of which shall be deemed an original, and all of which shall together constitute one and the same instrument binding all parties notwithstanding that all of the parties are not signatories to the same counterparts.  For all purposes, duplicate unexecuted and unacknowledged pages of the counterparts may be discarded and the remaining pages assembled as one document.  This Order may also be executed by exchange of executed copies via facsimile or other electronic means, such as PDF.  A party's signature transmitted by facsimile or similar electronic means shall be considered an "original" signature for purposes of this Order.  This Order shall be effective as to all discovery conducted before and after the filing date of this Order.

24.     The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.


**So Ordered.**

Dated:  July ____, 2022                     _____
                                            U.S. District Judge Gene E.K. Pratter

- 14 -