IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM NORMAN BROOKS, III,** | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 22-48-KSM** |
| **TRANS UNION LLC,** | |
| Defendant. | |

**ORDER**

**AND NOW**, this 1st day of August 2024, upon consideration of Plaintiff's Motion to Strike Certain Documents and to Preclude Expert Report and Testimony of Corinne Wodzinski (Doc. No. 56) ("Motion to Strike") and all responses thereto, for the reasons set out in the accompanying Memorandum, it is **ORDERED** as follows:

1. The Motion to Strike (Doc. No. 56) is **GRANTED IN PART** and **DENIED IN PART** as outlined in the accompanying Memorandum and as follows:

    a. The expert opinions contained in Paragraph Three (3) of Wodzinski's Rule 26(a)(2)(B) Report (Doc. No. 111-4) are **STRUCK** for failure to comply with Federal Rule of Evidence 702; but

        i. The Motion to Strike is **DENIED** insofar as it asks the Court to strike the factual content contained in the remainder of Wodzinski's Rule 26(a)(2)(B) Report (Doc. No. 111-4);

    b. Wodzinski is **PRECLUDED** from providing expert testimony and/or written expert opinions in the above-captioned matter; but

      i. The Motion to Strike is **DENIED** insofar as it asks the Court to preclude Wodzinski from testifying as a fact witness in the above-captioned matter; and

c. The Supplemental Exhibit is **STRUCK** as an exhibit to Wodzinski's Rule 26(a)(2)(B) Report, but

      i. The Supplemental Exhibit (Doc. Nos. 111-5 at 8–80, 111-6, 52-4–52-7) will be permitted for any admissible, factual evidence.

**IT IS SO ORDERED.**

*/s/ Karen Spencer Marston*
_____
KAREN SPENCER MARSTON, J.