**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **WILLIAM NORMAN BROOKS, III,** *on behalf of himself and all similarly situated consumers,*<br><br>    Plaintiff,<br><br>    *v.*<br><br>**TRANS UNION LLC,**<br><br>    Defendant. | **CIVIL ACTION**<br><br><br>**NO. 22-0048-KSM** |

**ORDER**

**Marston, J.**                                                                                   **July 6, 2026**

   **AND NOW**, this 6th day of July, 2026, upon consideration of Plaintiff's unopposed

motion for preliminary approval of the class action settlement (Doc. No. 172), and following oral

argument on the motion on June 24, 2026 (Doc. No. 176), the Court finds as follows:

1. Plaintiff's motion is **GRANTED** for the reasons set forth in the accompanying

   Memorandum.

2. The Court has already certified this Class pursuant to Federal Rule of Procedure 23(a)

   and 23(b) and finds that the Class is again likely to be certified at the time of the final

   approval hearing for the reasons stated in the Court's August 1, 2024, Memorandum

   (Doc. No. 116).

3. The Court preliminarily **APPROVES** the Settlement set forth in the Settlement

   Agreement (Doc. No. 172-2), which appears to be the product of serious, informed, and

   arm's length negotiations between the Parties and appears to be fair, adequate, and

   reasonable to the Settlement Class as to fall within the range of possible final approval.

1

4.  The Court approves the proposed form and content of the revised notices and **ORDERS** the Parties to proceed with dissemination of the notices as provided in the Settlement Agreement (Doc. No. 172-2).  The Court finds that the proposed process for providing notice to the Class as set forth in the Settlement Agreement fulfills the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, provides the best notice practicable under the circumstances, and will provide adequate notice to all class members.

5.  The Court has previously appointed William Norman Brooks, III, as class representative. The Court now appoints him as class representative of the settlement class.

6.  The Court has previously appointed the firm Francis Mailman Soumilas, P.C. as counsel for the certified class and now appoints this firm as counsel for the settlement class.

7.  Continental DataLogix, LLC, is appointed as the settlement administrator.

8.  By **July 13, 2026,** the settlement fund must be established with an initial payment of $210,000 provided for class administration.

9.  By **August 31, 2026,** the Settlement notices must be issued to the settlement class, as described in Section 5(e) of the Settlement Agreement.

10. By **October 16, 2026,** class counsel shall file with the Court any motion for attorneys' fees and costs and any motion for a service award for the class representative.

11. All opt-out requests, objections, and claims submissions shall be due by **October 30, 2026.**  Class members may not both object and opt out.  In the event a class member both objects and opts out, the request to opt out will control.

12. Class members may opt out of the settlement by mailing a written letter to the Settlement Administrator at: Brooks v. Trans Union, LLC, c/o Settlement Administrator, P.O. Box 16, West Point, PA 19486., containing the following information:

    a.  The class member's full name;

    b.  The class member's address;

    c.  The class member's phone number;

    d.  the class member's unique identifier included on the class member's notice;

    e.  a specific statement that the class member wants to be excluded from the settlement.

13. Class Members may only opt themselves out; they may not opt out other class members, nor may a representative (such as an attorney) submit an opt out request on a class member's behalf.  If a class member does not opt out of the settlement, they waive right to assert claims against Trans Union related to the reporting of bankruptcy remarks.

14. Class members who wish to object to the settlement must mail a written objection to the Settlement Administrator.  The objection must include the following information:

    f.  The nature of the action;

    g.  The class member's full name, address, email address, and telephone number.

    h.  A detailed statement of each objection asserted, including the grounds for objection and any reasons for appearing and being heard;

    i.  Any documents that the class member wishes to be considered in support of the objection;

j.  The identity of any lawyer representing the class member, including any former or current counsel who may be entitled to compensation for the reason related to the objection to the settlement;

k.  Any and all agreements that relate to the objection or the process of objecting, whether written or oral, between the class member or counsel any other person or entity;

l.  The identity of all counsel representing the class member who will appear at the final approval hearing;

m.  All relief sought;

n.  The number of times that the class member has objected to a class action settlement in the past five years;

o.  Whether the class member intends to appear and/or testify, or counsel representing the class member intends to appear, at the Court's final approval hearing;

p.  The class member's signature.

15. Upon receipt of any objection, class counsel shall immediately file a copy of the objector's objection with the Court.

16. By **November 18, 2026,** objectors must notify class counsel of their intent to appear at the Court's final approval hearing.

17. By **November 18, 2026,** Class Counsel shall file papers in support of final approval of the settlement agreement and response to any written objections. If they choose to do so, Defendant may file papers in support of the final settlement agreement by this date.

4

18. A Final Approval Hearing is scheduled for **Wednesday, December 2, 2026, at 10:00 a.m.** in Courtroom 16-B of the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

_____

KAREN SPENCER MARSTON, J.